206 So.2d 55 (1968)
Tommy DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 1146.
District Court of Appeal of Florida. Fourth District.
January 16, 1968.
*56 W.D. Frederick, Jr., Public Defender, and William B. Barnett, Assistant Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., Vero Beach, for appellee.
BARNS, PAUL D., Associate Judge.
The defendant, Dixon, was charged, tried and convicted of uttering a forged check upon John Jackson. He was represented by the Public Defender from the time of his arraignment, at trial and on this appeal. We affirm.
The defendant's first point is based on assignments of error 11 and 12 which assignments have not been copied into his counsel's brief for our benefit. These assignments of error refer to a failure of the trial judge to have the jury retire to the jury room to reconsider their verdict and failure to declare a mistrial when the jury returned into the court room and announced it had reached a verdict, but when the verdict was read and the jury polled it developed that the tendered verdict was contrary to its finding, to-wit: a verdict of "not guilty" when its actual finding and intent was one of guilty as stated by the foreman and some other members of the jury.
Upon being polled, all six jurors replied that the verdict of "not guilty" was not their verdict; two jurors stating that the form used was the wrong form. Thereupon, the judge addressed the foreman and the occurrences were as follows:
"THE COURT: Now, Mr. Beatty, what is the verdict of the Jury?
"JUROR NO. 2: Guilty, sir.
"THE COURT: Then return these verdicts and have the Jury  have the Foreman sign the correct form of the verdict which is the verdict of the Jury.
"THE BAILIFF: Do you want the Jury to retire to do this?
"THE COURT: No, just have him sign the correct verdict. He can sign it here.

*57 "JUROR NO. 2: (Complying).
"THE COURT: Now, Mr. Foreman, cross through the incorrect form of the verdict.
"JUROR NO. 2: (Complying).
"THE COURT: Well, frankly, I have never had this arise before, Gentlemen. Is the verdict which is `We, the Jury, find the defendant, TOMMY DIXON, also known as TOMMIE DIXON, also known as TIMMY DIXON, guilty as charged in Information No. 99325. So say we all,' which purports to be signed by Robert J. Beatty, Foreman, the correct verdict, the correct form of the verdict, and the verdict of the Jury, Mr. Foreman?
"JUROR NO. 2: Yes, sir.
"THE COURT: Publish the verdict."
Therefore, the jury was again polled and each answered that the amended form was his verdict.
No objection or motion by the defendant's attorney was made at this time. Hence, no ruling of the court was made. Neither did the defendant's attorney make a motion for a new trial or motion for a mistrial. F.S. 1965, Sections 919.09 and 919.10, F.S.A., provides:
"919.09 Return of jurors; manner of declaring the verdict; receiving and recording.  When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. Their names shall be called by the clerk and when all jurors respond to their names the judge shall ask them if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the cause.
"No verdict may be rendered in any criminal case unless all of the petit jurors concur in it."
"919.10 Polling the jury.  Upon the motion of either the state or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct them sent back for further consideration; and if there be no dissent the verdict shall be entered of record and the jurors discharged. Provided, however, that no jury shall be polled after a verdict directed by the court and no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded."
The foregoing statute is declaratory of the practice; upon the jury being returned to the court room the foreman advised the court that the jury has reached a verdict and the record shows it had reached a unanimous verdict, but the form submitted was erroneous as not conforming to its findings. There was no dissent between the jurors but all of them dissented to the form as tendered. In a general sense, there were six dissents to the form, but the words of Sec. 919.10, supra, requiring that the jury must be returned to the jury room for further consideration of its verdict "if a juror dissents" are not to be taken in their wooden literalness but according to the intent of the law. The intent is that the jury "must" be returned to the jury room if their true verdict is not agreed to by all, which was not the case in this instance.
The appellant's second point argued is based on assignment of error No. 9, which assignment his attorney failed and neglected to copy into his brief. This assignment of error is: "That the court *58 erred in allowing the prosecuting attorney to comment to the jury, over objection, that `the manager was available and the defense could have him called as a defense witness * * *'"
Appellant's attorney in his argument to the jury stated:
"* * * Evelyn Newton says that the defendant came into the store where she worked and asked her about a check, cashing a check, and she asked the manager about the check, and he, the manager, is the person to whom the check was to have been passed, or was the person to whom the check was presented for the purpose of cashing it. We don't have the manager here. * * *"
Thereupon, the prosecuting attorney in argument, in reply, stated:
"Mr. Nelson says I should have brought in the manager and I know from trying cases with Mr. Nelson that if I had brought in the manager Mr. Nelson would have demanded a third eye witness. The defense is never satisfied with the quantity of the State's evidence. The manager was available and the defense could have had him called as a defense witness if Mr. Nelson had wanted to.
"MR. NELSON: Objection, Your Honor, as being irrelevant and immaterial.
"THE COURT: Objection overruled.
"MR. COHEN: The manager was here, sitting in the witness room and if his identification would have helped the defendant, you can be certain that Mr. Nelson would have called him to show that. * * *"
It clearly appears that the prosecuting attorney's argument was induced by the argument previously advanced by the defendant's attorney. The objection to the prosecuting attorney's reply was on the grounds that such argument was a matter that was "irrelevant" and "immaterial", which objection was overruled and now assigned as error for reversal. The argument by the prosecuting attorney was invited by the argument made by the defendant's attorney and was not prejudicial to a fair trial.
Affirmed.
WALDEN, C.J., and McCAIN, J., concur.