425 So.2d 157 (1983)
Moses K. MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1959.
District Court of Appeal of Florida, Fourth District.
January 5, 1983.
Rehearing Denied February 4, 1983.
*158 Gary S. Israel, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an amended judgment of guilty for possession of a firearm by a felon and carrying a concealed weapon. We reverse the part of the amended judgment affecting the first charge and remand for new trial; but we affirm the part dealing with the second charge because we find appellant's argument directed thereto to be meritless.
Appellant was charged in a five-count information for the above crimes as well as aggravated assault, battery and carrying a concealed firearm. The charge of possession of a firearm by a felon was severed from the other charges and tried first to a jury. It is in this initial trial that we perceive the harmful error which compels reversal.
At the conclusion of the evidence, appellant's counsel had preserved his right to sandwich the state's closing argument. We have reviewed the initial argument by appellant's counsel and find it to be temperate. In his discussion of reasonable doubt, he remarked with respect to one witness: "There is a lot of reasonable doubt there as to the credibility of her testimony." While this remark explicitly refers to the witness' credibility, it skirts Florida Bar Code of Professional Responsibility DR 7-106(C)(4) ("a lawyer shall not ... [a]ssert his personal opinion ... as to the credibility of a witness") and is phrased in such a manner  when viewed in the light of his remaining argument  that it plainly should not have goaded the prosecutor into accusatory language.[1]
Unfortunately, however, when the prosecutor undertook his closing argument he warmed to the task by asking the jury to consider whether appellant's testimony was worthy of any belief. He then turned up the heat in one final blast:
I suggest to you, ladies and gentlemen, that here is a man who thinks he knows the law; thinks he can twist and bend the law to his own advantage and lie to you in court so that he is acquitted and not sent to prison as a result or otherwise adjudicated in any fashion.
This last comment, neither provoked nor justified, was a plain violation of the Code of Professional Responsibility.[2] The criminal *159 justice system cannot function without zealous prosecution, nor with unprofessional advocacy  whether the latter be in the form of indifference on the one hand or intemperate conduct on the other. One cannot successfully prosecute without fire in the belly nor with its misuse.
DELL and WALDEN, JJ., concur.
NOTES
[1] In contrast, see Broge v. State, 288 So.2d 280 (Fla. 4th DCA), cert. denied, 295 So.2d 302 (Fla.), cert. denied, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974), wherein defense counsel's most abusive comments provoked a restrained remark by the prosecutor which was held to be fair rebuttal.
[2] See Dukes v. State, 356 So.2d 873, 875-76 (Fla. 4th DCA 1978), in which this court granted a new trial, noting:

The prejudice occurring from the State's improper cross-examination of appellant and his eyewitness was further compounded in the prosecutor's closing argument relative to witness Blakley:
"Now, he brought in this Jewell Blakley, admittedly a prostitute, admittedly a woman who has sold heroin to the same agent, A.W. Jackson, at the same location, 524 West Jackson Street, here in Orange County, and a woman who has admittedly been convicted of crimes so many times that she can't even remember. And I tell you, ladies and gentlemen, that she is an incredible witness, and she is not worthy of your belief. She is a liar, clear and simple." (T. 192-193)
The prosecutor's parting shot on the question of the credibility of the State's witnesses versus the appellant's was:
"Now, you heard our case, and then you heard his case. You heard his witnesses, his prostitute, heroin pusher, convicted so many times she cannot count; who would think nothing of getting up on the stand and telling a lie for her buddy, Fred Dukes.
"You heard his testimony, and you heard his criminal convictions... ." (T. 227)
Thus, the State clearly violated the rules relative to the impeachment of witnesses for prior or criminal convictions and then laced its closing argument with stinging comment based upon the improper evidence so adduced.
Finally, the State's closing argument was also subject to criticism in that it violated Canon 7, DR7-106 of the Code of Professional Responsibility. In several instances the prosecutor asserted his personal opinion as to the credibility of witnesses.