PER CURIAM.
Appellant, Robert L. Dunbar, appeals his conviction and sentence for sexual battery and robbery in violation of sections 794.-011(3) and 812.13(2)(a), Florida Statutes (1983). We affirm.
Appellant raises one point on appeal, asserting that the trial court erred in allowing the prosecutor to comment during closing argument on appellant’s failure to call certain witnesses. He contends that these comments infringed on his constitutional right to remain silent, as well as his right to be presumed innocent until proven guilty. We find no merit in appellant’s argument.
Reference by a prosecuting attorney to a defendant’s failure to call certain witnesses may be prejudicial if it refers to a defendant’s exercise of his right to remain silent or if the comments indicate that the defendant has the burden to come forward with evidence and prove his innocence. Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), cert. denied, 447 So.2d 888 (Fla.1984). However, it is not improper for a prosecuting attorney to refer to a defendant’s failure to call certain witnesses when defense counsel indicates in opening statements that those witnesses would be called to testify. Romero; Dixon v. State, 206 So.2d 55 (Fla. 4th DCA 1968).
In this case, the issue arose because of appellant’s counsel’s comments in opening statements that certain witnesses would testify during trial. Subsequently, these witnesses were not called by either party, and appellant’s counsel commented on the state’s failure to call them. The prosecutor then responded that appellant could have called the witnesses as well. In Dixon v. State, the fourth district held that where defense counsel commented on the state’s failure to call a witness, a response by the prosecuting attorney that the defense had an equal ability to present the witness, was not prejudicial to defendant’s right to a fair trial. Therefore, we affirm on the authority of Romero and Dixon.
Affirmed.
RYDER, C.J., and CAMPBELL and LE-HAN, JJ., concur.