483 So.2d 8 (1985)
William F. SINGLETARY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 85-171.
District Court of Appeal of Florida, Second District.
October 11, 1985.
Peter D. Ringsmuth, Smith & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his conviction for aggravated battery by use of a firearm. We reverse.
The underlying incident involved defendant having shot the victim in the neck during an altercation. The defense, supported by the testimony of defendant and another witness, was that the gun was discharged accidentally when the other witness bumped defendant's arm.
Defendant contends on appeal that the trial court erred in refusing to grant defendant's *9 motions for mistrial following (1) the testimony of the foregoing witness that defendant had been on probation (and that the witness was trying to keep defendant out of further trouble) and (2) the prosecutor's closing argument in which, after twice accusing defendant of being a liar, the prosecutor said, "You know as well as I that he [the defendant] certainly intended to harm ... [the victim] with that gun... ."
We recognize the arguments for an affirmance which show the relative closeness of this case. The comments which are the subject of either of those grounds, viewed alone, might be argued to have constituted insufficient grounds for requiring a mistrial. We have in mind, as to the first contention, that even statements concerning prior imprisonment of a defendant "may be erroneously admitted yet not be so prejudicial as to require reversal" and that in certain instances "any prejudice arising from the admission of testimony indicating defendant's prior incarceration could have been corrected by an instruction to the jury to disregard the testimony." Ferguson v. State, 417 So.2d 639, 642 (Fla. 1982). The trial court instructed the jury in this case to disregard the testimony as to defendant being on probation. Also, the testimony appears to have been unsolicited by the state. As to ground (2), we have in mind the state's argument that since the evidence of guilt was overwhelming there was not undue prejudice. There was evidence that defendant had the gun in his hand, that he had shot out a tire on the victim's car, that he had said to the victim, "The next one is in you," and that defendant pointed the gun at the victim's neck and cocked the gun before it was fired.
Nonetheless, we believe the two contentions, taken together, require a reversal. Each involved improper statements to the jury which created improper prejudice to defendant. The basic issue as to contention (1) is whether the prejudice was sufficiently erased by the trial court's curative instruction. While the state's argument to that effect is persuasive, we cannot ignore the significance of contention (2). The basic issue as to contention (2) is whether the evidence of guilt was so overwhelming as to render the prejudice insignificant. We cannot conclude that it was. However probable in light of the evidence it may have been that defendant would have been convicted had the prosecutor not made the foregoing statements to the jury, we cannot say that in this case acquittal was not reasonably within the realm of possibility. We cannot say that it is beyond a reasonable doubt that defendant would have been convicted without the improper statements having been made to the jury. See State v. DiGuilio, No. 65,490 (Fla. Aug. 29, 1985) [10 FLW 430]. Defendant testified that the gun discharged accidentally. There was testimony from another witness that the gun discharged when that witness bumped defendant's arm. In any event, whatever chance defendant had to be acquitted depended upon the jury believing his testimony. It was as to this critical aspect that the prosecutor improperly inserted into the trial his personal beliefs. Our reasoning is further explained below.
As to contention (1),
Subject to certain exceptions which are not applicable in the case sub judice, it is error for a witness to testify concerning a defendant's arrest for unrelated crimes... . Additionally, we have held that even in the absence of direct testimony by a witness, it was error to allow the admission of "mug shots" into evidence because they constituted an impermissible reference to the defendant's prior arrest record... .
[A]n accused's right to a fair and impartial jury is violated when a jury is improperly made aware of a defendant's arrest for unrelated crimes ... during the trial... .
Wilding v. State, 427 So.2d 1069, 1069-70 (Fla. 2d DCA 1983). A curative instruction will not necessarily erase the effect of improper testimony from the minds of jurors. See Odom v. United States, 377 F.2d 853, 859-60 (5th Cir.1967) cited in Bates v. State, 422 So.2d 1033 (Fla. 3d DCA 1982).
*10 As to contention (2), expression of personal beliefs by a prosecutor is improper. See, e.g., O'Callaghan v. State, 429 So.2d 691 (Fla. 1983); Murray v. State, 425 So.2d 157 (Fla. 4th DCA 1983), quashed on other grounds, 443 So.2d 955 (Fla. 1984); Florida Bar Code of Professional Responsibility DR7-106(C)(4). A prosecutor's role in our system of justice, when correctly perceived by a jury, has at least the potential for particular significance being attached by the jury to any expressions of the prosecutor's personal beliefs. That expression in this case involved critical issues in the trial, to wit, defendant's credibility and intent. Thus, as we have indicated, the question on this regard boils down to whether the evidence of guilt was so overwhelming as to justify a conclusion that defendant was not improperly prejudiced and that the error was harmless. O'Callaghan, supra. See DiGuilio, supra. Considered against the background of contention (1), discussed above, we cannot say that the evidence of guilt was that overwhelming and that defendant received a fair trial. After the jury was made aware that defendant had been previously convicted of a crime, the prosecutor injected into the jury's consideration his personal beliefs as to defendant's guilt.
Reversed and remanded for a new trial.
GRIMES, A.C.J., and SCHEB, J., concur.