## LAMM v STATE OF FLORIDA

### Case No. 88-20AC10 (County Court Case No. 87-2734MM10)

Seventeenth Judicial Circuit, Broward County

August 17, 1989

### APPEARANCES OF COUNSEL

**David Collins,** for appellant.

**Carolyn McCann,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

Defendant appeals from his conviction for driving while under the influence. Defendant raises two arguments:

1. Whether he may be convicted due to circumstantial evidence if a reasonable hypothesis of innocence exists; and

2. Whether he was denied a fair trial due to the prosecutor's comments during closing arguments.

On November 9, 1988, appellant was stopped by a Broward Sheriff's Office Deputy when the officer noticed the Appellant leave the roadway twice. As the appellant exited his vehicle, the deputy observed bloodshot eyes, slurred speech and smelled a strong odor of alcohol. The

appellant performed the roadside tests with a minimal amount of difficulty, although he did not complete follow the deputy's directions. The appellant refused to take a breath test and was arrested for driving under the influence.

Because it is dispositive, only the second argument on appeal will be addressed. During closing arguments, the prosecutor made numerous remarks claimed to be improper, some objected to and others not, which individually do not amount to reversible error; however, cumulatively they do. Additionally, the prosecutor made several remarks as to the appellant's attorney raising "smoke screens." However, because the appellant's attorney opened this door during his closing argument, those remarks were proper.

In its brief, the state points out that the appellant did not object to some of the prosecutor's remarks and thereby did not preserve those points on appeal. Ordinarily, this is the correct rule of law. *See Clark v State,* 363 So.2d 331 (Fla. 1978).

Also, in *Tuff v State,* 509 So.2d 953 (Fla. 4th DCA 1987) citing *Ryan v State,* 457 So.2d 1084 at 1091 (Fla. 4th DCA 1984), the Court held "that Prosecutorial misconduct amounts to fundamental error, and is excepted from the contemporaneous objection/motion for mistrial rule, when the prosecutor's argument taken as a whole, is of such character that its sinister influence could not be overcome by rebuke or retraction." Further, the prosecutor inappropriately vouched for the state's evidence.

In the case at bar, the state asserts that any prejudice that may have occurred was harmless and had no effect on the verdict as the evidence against the appellant was convincing. However, the facts reveal that this was a close case. Accordingly, in light of the repetitiveness of the prosecutor's conduct and the closeness of the case, it cannot be said that the comments did not so poison the jury's minds so as to push them to the side of guilt. *Reddish v State,* 525 So.2d 928 (Fla. 1st DCA 1988).

REVERSED AND REMANDED for a new trial.

DONE AND ORDERED this 17th day of August, 1989.