569 So.2d 1383 (1990)
Robert LeFLEUR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0083.
District Court of Appeal of Florida, Fourth District.
November 28, 1990.
Arthur Joel Berger, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
LETTS, J., concurs.
GARRETT, J., concurs specially with opinion.
GLICKSTEIN, J., dissents with opinion.
GARRETT, Judge, concurring specially.
I write in response to the dissent. The trial errors addressed by the dissent do not have the cumulative effect of reversible error.

PRIOR CONSISTENT STATEMENT
Appellant attempted to murder Roger Martin (Martin) by shooting him twice. Appellant fatally shot a second victim. At trial, Martin testified that he and appellant had concocted a story about a search for *1384 marijuana to lure the murdered victim to a remote area off Interstate 75. However, Martin also testified that the police thought he lied to them:
Yeah. They said I didn't tell them about the marijuana, when I was in the hospital, but I don't even remember what I said to them, when I was in there.
The prosecutor then asked Martin what he told the police after his release from the hospital. The trial judge overruled defense counsel's hearsay objection and Martin responded:
They asked me later on was there any drugs involved, and I told him that was [appellant's] reason for us going out there.
On cross examination, the defense asked Martin numerous questions about the inconsistencies in his statements.
I acknowledge the error of admitting into evidence Martin's statement which he gave after his release from the hospital. Such statement was a prior consistent statement to his trial testimony. Jackson v. State, 498 So.2d 906, 910 (Fla. 1986). However, there is no reasonable possibility that such error contributed to appellant's conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). During opening statement, defense counsel stated, "[A]ll the testimonial evidence in the case ... were lies." During closing argument, defense counsel, in essence, called Martin a liar. Because only Martin testified about the prior consistent statement, such statement did not affect the attack on his credibility.

PROSECUTOR'S CLOSING ARGUMENT
During opening statement, defense counsel stated that Martin's girlfriend "concocted this whole thing with [Martin] to kill Mark [a boy from Cooper City], with a drug rip off." Defense counsel also stated that state witness Greg Young was the murderer and told the jury:
You are going to find out ... from me what lies they were caught in.
[Y]ou are not going to hear it on direct... . On cross examination, you will hear that.
You are going to hear about all the things that were left out of what would hear in the [state's] opening statement. You are going to hear about it all on cross examination, unfortunately.
Defense counsel's opening statement was also interspersed with the words and phrases, "conspiracy," "fake alibi," "phony story," "obstructing justice," and "covers up [sic]." There was extensive cross examination of the state's witnesses, but the defense rested without calling any witnesses.
Defense counsel's opening statement implied that he would disprove the state's theory of the case. When defense counsel statements invite a response, the prosecutor's closing argument can rebut such statements. See DuFour v. State, 495 So.2d 154 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Williamson v. State, 511 So.2d 289 (Fla. 1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988). The prosecutor said:
[T]hey even try to suggest a motive, which they say they were going to prove, which was never proved, about a murder plot... . They didn't prove any murder plot.
* * * * * *
If you even want to believe such a murder plot that was never proved, what motive does he have?
The prosecutor's argument did not imply that appellant had to prove his innocence.
Also, during closing argument, the prosecutor said:
I can only tell you that based on the law, and based on the evidence that's been presented to you, [a not guilty verdict] would certainly be contrary to the law, and not be a verdict that speaks the truth, and you took that oath.
Such argument did not interject the prosecutor's personal belief into the case. Moreover, the argument did not rise to the impermissible level of instructing a jury on its duties as condemned in Redish v. State, 525 So.2d 928, 930 (Fla. 1st DCA 1988).
*1385 GLICKSTEIN, Judge, dissenting.
Appellant was convicted of murder in the first degree and of attempted murder in the first degree. All involved  victim, defendant and witnesses  were teenagers.
While there is ample proof of the defendant's guilt, there are two errors warranting discussion, one of which I cannot conclude to be harmless under the test of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Therefore, I would reverse and remand for a new trial.
The state had two key witnesses  an accessory after the fact and a victim who had purchased a purportedly stolen gun and had given it to the defendant shortly before being shot, along with the other fatally wounded victim, with this same weapon.
Error occurred when the state introduced, over objection by the defense, a prior consistent statement of the victim which was made after, not before, the victim's motive to falsely testify arose. See Jackson v. State, 498 So.2d 906 (Fla. 1986). Standing alone, this error would not dictate reversal; however, the above error does not stand alone.
During closing argument, the prosecutor said:
[T]hey even try to suggest a motive, which they say they were going to prove, which was never proved, about a murder plot... . They didn't prove any murder plot.
.....
... If you even want to believe such a murder plot that was never proved, what motive does he have?
Defense counsel then objected, stating that "defense counsel doesn't have to prove anything." The objection was overruled. The prosecutor's comment on appellant's failure to prove a murder plot was improper. In this area, an appellate court must be careful to safeguard a criminal defendant's constitutional rights. "Clearly a comment on an accused's reliance of fifth amendment rights or a suggestion that the accused has the burden of proof as to some aspect of the case are prejudicial and therefore reversible errors." Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984). Although appellee states that the prosecutor was merely pointing out what defense counsel had stated they would demonstrate, yet failed to do, defense counsel never used the word "prove" in opening statement. A comment on defense counsel's failure to "show" or "demonstrate" any plot would have been a proper response. Although an arguable call, any reference to the accused's burden of proof can compromise the integrity of the judicial process. This was not the only questionable comment by the prosecutor.
Also, during closing argument, the prosecutor said:
Now let's look at the evidence. What did I tell you. You know, if you want to, go ahead and find him not guilty because of all of that and that kind of defense. I can't stop you. Go right ahead. You go right back there, and you say not guilty. I can only tell you that based on the law, and based on the evidence that's been presented to you, this would be contrary to the law, and would not be a verdict that speaks the truth, and you took that oath.
The United States Supreme Court has held that it is improper for a prosecutor to state his personal beliefs and to urge to jury to "do its job." United States v. Young, 470 U.S. 1, 18-19, 105 S.Ct. 1038, 1047-48, 84 L.Ed.2d 1, 14 (1985). These comments alone do not automatically constitute reversible error. However, in Redish v. State, 525 So.2d 928, 930 (Fla. 1st DCA 1988), the court held that a remark by the prosecutor that the jury would be "in violation of [their] oath as jurors" if they "succumbed to the defense argument" was an impermissible attempt by the prosecution to instruct the jury as to its duties and functions. The court held that it was sufficiently prejudicial to constitute reversible error. Although the prosecutor in the instant case was not as direct in his appeal to the jury's oath, I conclude the underlying meaning of his statement was identical.