BARKDULL, Judge.
Appellant seeks review of his conviction and sentence to 10 years in prison following a jury verdict which found him guilty of possession of cocaine.
About 11:30 PM on November 8, 1988, Roger Cortez and Jorge Smith, heard the sound of glass breaking from their neighbors house across the street. They went outside and saw someone go into the house through a broken window and walk around inside the house. Subsequently, they saw someone leave the house carrying something which appeared to be a TV set and put it in a waiting car. They called the police and an Officer Amos Brooks arrived on the scene just as the car containing the person who had been in the house was leaving. Officer Brooks followed the car and called for backup. After about ten blocks the cars pulled into a dead end street. Officer Brooks (whose backup had arrived) stopped the car which contained a woman driver and the defendant. The defendant was ordered to exit the car and lay on the ground. After searching the passenger compartment of the car the defendant was ordered to stand up and was questioned. It became apparent that the defendant had something in his mouth. He was ordered to spit it out, which he did, spitting out a packet containing cocaine. The defendant was charged by information with possession of cocaine, burglary of a dwelling, and grand theft. The possession charge was based upon the testimony of the officers who observed the defendant spit out the packet of cocaine. During opening statement, defense counsel argued that Joyce Jackson, the driver of the getaway car, was the person who went into the house and took the TV set, that she was the person who gave the defendant the packet of cocaine just before they were stopped by the police and that she told him to swallow it, and the defendant did not know what was in the packet. At trial the defense did not put on any witnesses and the defendant did not testify. During closing argument, the state’s attorney commented, over defense objection, upon the failure of the defense to call Joyce Jackson, as a witness. The jury found the defendant guilty of possession of cocaine and found him not guilty of burglary of a dwelling and grand theft. The trial court adjudicated the defendant guilty of possession of cocaine and sentenced him to 10 years as an habitual offender. This appeal follows.
On appeal the appellant contends that the trial court erred in allowing the state to comment on his failure to call Joyce Jackson, because by so doing it would lead the jury to believe the defense carried the burden of producing evidence.
The state contends that defense counsel’s opening argument alleging that Joyce Jackson, not the defendant, was the perpetrator of the crimes for which he was charged, created an exception to the general rule rendering the prosecutor’s comment permissible.
We affirm on the authority of Buckrem v. State, 355 So.2d 111 (Fla.1978); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983); Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975); Dixon v. State, 206 So.2d 55 (Fla. 3d DCA 1968).
Affirmed.