593 So.2d 1210 (1992)
James A. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03159.
District Court of Appeal of Florida, Second District.
February 21, 1992.
*1211 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, James A. Brown, challenges the judgments and sentences imposed upon him after he was found guilty of robbery, aggravated assault, and possession of cocaine. We reverse.
The appellant has raised four points on appeal. We find no merit in his contentions that the trial court erred in the instructions given to the jurors or in reinstructing them during their deliberations.
It is not necessary, and we, therefore, decline to address the appellant's contention that the trial court erred by allowing the state to excuse a member of a minority from the jury solely because the state had accepted another member of the same minority. On remand the trial court should be sure to apply the principles set forth in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla. 1984); Stubbs v. State, 540 So.2d 255 (Fla. 2d DCA 1989); see also Green v. State, 572 So.2d 543 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991).
We agree with the appellant's remaining contention that certain comments made by the assistant state attorney during the appellant's trial require reversal.
The prosecutor began his closing argument by stating that it seemed to him that there was something wrong with the criminal justice system when a victim of a crime has to be victimized again by having to testify concerning the events of a crime and have his character impugned. He continued by stating that it seemed to him there was something wrong when the victim was the one put on trial. He concluded his argument by stating that when the case was over he wanted to be able to call the victim and say that the jury had the courage to see the truth and that he was not victimized a second time. He also told the jurors that they were the only ones that could give the victim back his dignity. This argument was not only an improper appeal for sympathy for the victim which would have the natural effect of creating hostile emotions toward the accused, Edwards v. State, 428 So.2d 357 (Fla. 3d DCA *1212 1983), but also an improper expression of personal belief. Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985).
During the course of his argument, the prosecutor also improperly commented on the appellant's failure to call a witness. This comment indicated that the defendant had the burden to come forward with evidence and prove his innocence and was therefore prejudicial. Dunbar v. State, 458 So.2d 424 (Fla. 2d DCA 1984).
The combination of these improper comments requires us to reverse and remand for a new trial. Redish v. State, 525 So.2d 928 (Fla. 1st DCA 1988); Singletary.
Reversed and remanded.
CAMPBELL and PATTERSON, JJ., concur.