BLUE, Judge.
In the appeal of his convictions for four counts of capital sexual battery and one count of lewd and lascivious act on a child under sixteen years of age, Theodore Kellogg presents one issue: Whether prosecu-torial misconduct during the trial rendered the guilty verdicts fundamentally unfair and unreliable? Kellogg challenges a total of seventeen alleged incidents of improper comment or argument by the prosecutor made during voir dire, opening statement, cross-examination of Kellogg, and closing argument. All of the incidents were objected to by defense counsel, and most of the objections were sustained by the trial judge. Because the prosecutor’s misconduct deprived Kellogg of a fair trial, we reverse and remand for a new trial.
During voir dire, the prosecutor stated:
And I’m going to be presenting to you the State of Florida versus Theodore Kellogg.... Obviously you know my name, and the fact that I’m an attorney and what type of law I practice. You know Mr. Howell is a public defender and the fact that he defends criminals.
Defense counsel’s objection, motion to strike the panel, and motion for a mistrial were denied. The prosecutor’s statement was a clearly improper character attack on both defense counsel and Kellogg. The trial court erred by not granting the motion for mistrial.
Looking past the voir dire comment, the prosecutor continued beyond the limits of proper and ethical prosecutorial conduct. The prosecutor’s cross-examination of Kellogg included thirteen separate incidents of badgering and the prosecutor’s expression of her personal belief in Kellogg’s guilt. This was improper. See Gore v. State, 719 So.2d 1197 (Fla.1998). The trial judge sustained every defense objection to the improper questioning. Finally, in closing, the prosecutor commented on facts not in evidence and interjected an improper personal comment.
The cumulative effect of the prosecutor’s improper comments and questions deprived Kellogg of a fair trial. See Brown *410 v. State, 593 So.2d 1210 (Fla. 2d DCA 1992) (holding that combination of improper comments made by prosecutor during closing argument required reversal and remand for a new trial). It is unfortunate that the witnesses are the true victims of the prosecutor’s misconduct-it is the witnesses that will have to suffer through the trial again. This case is yet another example where “the prosecutor’s ‘over zealousness in prosecuting the State’s cause worked against justice, rather than for it.’ ” Gore, 719 So.2d at 1203 (quoting Ryan v. State, 457 So.2d 1084, 1091 (Fla. 4th DCA 1984)). Once again, we caution prosecutors against over zealousness and improper prosecutorial conduct. See Ruiz v. State, 743 So.2d 1 (Fla.1999); Connelly v. State, 744 So.2d 531 (Fla. 2d DCA 1999).
Reversed and remanded for a new trial.
CAMPBELL, A.C.J., and STRINGER, J., Concur.