SHARP, W., J.
Fullmer appeals his convictions and sentences for two counts of a lewd and lascivious act in the presence of a child.[1] He argues that the jury verdict was tainted by improper prosecutorial comments. We agree and reverse.
The evidence at trial was in conflict as to whether Fullmer had exposed himself to two young girls, while he was driving his car or whether he had exhibited a rubber penis to them.
Fullmer admitted he was the individual involved. But he said the penis was a rubber penis, not a real one, and that he had held it out the window as he drove away. The rubber penis was introduced into evidence. He conceded his actions were a “really stupid thing to do, cruel and mean.” He didn’t know why he had done it. He testified he was sorry he had done it, remorseful, and not just because it was the first time he’d ever been arrested. The state recalled one witness to rebut that the penis was rubber.
The complained of comments, most of which were not objected to, involved denigrations of the defendant and comments on the evidence. They included the following:
The prosecutrix stated “Then [Full-mer] has the nerve to come to court today and says, oh, gee, I didn’t mean to make the girl cry. I’m so remorseful. Please don’t find me guilty.” “Ladies and gentlemen, this man is so guilty. He is very guilty.” “He has no problems coming into this courtroom today, taking that oath, maybe to try and convince somebody so that he doesn’t get convicted but it was not a rubber penis. That was for whatever that was supposed to be for today, to mix you up, confuse you.” “To come in here in this courtroom now and try to pull such stunt and try to make you believe, oh, it’s just nothing but some bad judgment day. No, not whatsoever.” “What we must prove and, believe me, has been proven, are the elements we talked about in opening statement.” “That wasn’t a rubber penis that day.”
She went on to mock, “The defense tries to say, oh, this was just a practical joke involving [the daughter of a deputy sheriff] and that’s why we’re here. No.” “[Full-mer] is trying to say, gee, you know, the obvious didn’t happen here, even to go so far as to pull out the rubber penis, which doesn’t make a difference in this case. Don’t let it confuse you or mislead you. The defendant is guilty.” “If any of you are back there trying to decide whether it was a rubber penis or not, when you read the jury instructions that the judge gives you, it doesn’t make a difference at all. It’s still a lewd and lascivious act.” “If anybody, for a moment, does accept his story that it was a rubber penis, it still doesn’t make a difference.” “He represented that that was really a fake penis, which doesn’t make a difference as far as the jury instructions go, but it does as far as the defendant’s credibility.”
During closing argument, the prosecu-trix engaged in pejorative and disparaging comments about Fullmer, Gorby v. State, 630 So.2d 544 (Fla.1993); Goddard v. *482 State, 143 Fla. 28, 196 So. 596 (1940), Reaves v. State, 639 So.2d 1, 5 (Fla.1994), Glassman v. State, 377 So.2d 208 (Fla. 3d DCA 1979); expressed her personal belief in Fullmer’s guilt, Caraballo v. State, 762 So.2d 542 (Fla. 5th DCA 2000), Kellogg v. State, 761 So.2d 409 (Fla. 2d DCA 2000), Lavin v. State, 754 So.2d 784 (Fla. 3d DCA 2000), Henry v. State, 743 So.2d 52 (Fla. 5th DCA 1999); and commented on the legal effect of the evidence, Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998), Cisneros v. State, 678 So.2d 888 (Fla. 4th DCA 1996). These comments were improper.
In addition, the prosecutrix misstated the law applicable to this case by commenting on the legal effect of a fake penis vel non. She continued: “If any of you are back there trying to decide whether it was a rubber penis or not, when you read the jury instructions that the judge gives you, it doesn’t make a difference at all. It’s still a lewd and lascivious act.” Defense counsel objected to this misstatement of law, but it was repeated by the prosecutor. “If anybody, for a moment, does accept his story that it was a rubber penis, it still doesn’t make a difference.” Then, “He represented that that was really a fake penis, which doesn’t make a difference as far as the jury instructions go, but it does as far as the defendant’s credibility.” The defense objected to this and requested the information be sent with the jury on retiring. The court denied the motion.[2]
In determining whether fundamental error has occurred where improper comments are not objected to, the totality of the circumstances approach applies. Scoggins v. State, 726 So.2d 762 (Fla.1999). In this case, the credibility of Fullmer and the other witnesses was key. The prose-cutrix told the jury several times that Full-mer was guilty, “very guilty,” and, also on several occasions, that he was attempting to mix up and confuse the jury. With respect to the elements of the offense, she informed the jury that “believe me, [the elements] ha[ve] been proven.” And she instructed them that even if they determined Fullmer had used a rubber penis, “it doesn’t make a difference.”
We find that the cumulative effect of these comments was so prejudicial as to constitute fundamental error. See Caraballo; Quaggin v. State, 752 So.2d 19 (Fla. 5th DCA 2000); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989). We therefore reverse and remand for a new trial. Caraballo; Quaggin; Fuller.
REVERSED AND REMANDED.
PLEUS, J., concurs.
PETERSON, J., concurs specially with opinion.

. § 800.04(4), Fla. Stat. (1999).

. The language of the informations on these charges is the same in both cases, differing only in the names and ages of the victims. The informations state:
On September 01, 1999, LAMAR JAY FULLMER did knowingly commit a lewd and lascivious act in the presence of [victim(s) and age(s)] a child under sixteen (16) years, by touching, rubbing his penis, masturbating in the presence of [victim(s)] contrary to Section 800.04, Florida Statutes .... (Emphasis supplied)
Section 800.04(4), entitled "Lewd, lascivious, or indecent assault or act upon or in the presence of a child,” provided:
Any person who:
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
, without committing the crime of sexual battery, commits a felony of the second degree ....
§ 800.04(4), Fla. Slat. (1997). Hence while the statute does not require a "real” penis, the language of the information does require the state to prove that, in this case.