PATTERSON, Acting Chief Judge.
Nile Myers (Myers) appeals from his conviction and sentence for a lewd and lascivious act committed upon a person less than sixteen years of age. We reverse and remand for a new trial because the prosecutor improperly bolstered the credibility of the State’s only witness.
On November 20, 1998, Myers and his Mend, Louis Reynolds, went to a bar and then to Reynolds’ apartment. According to Reynolds’ trial testimony, Reynolds put his eight-year-old daughter to bed and then left the apartment to buy cigarettes. When he returned, he saw Myers in the bedroom with his pants pulled down. *1113 Myers was holding the sleeping girl’s hand on his erect penis. He appeared to be masturbating, using the child’s hand. When Reynolds asked him what he was doing, Myers replied, “I don’t know.” Myers then walked away and sat down. There was no confrontation between the men, and Myers spent the night in the apartment. Reynolds did not contact law enforcement but did mention the incident to a customer in the shop where he worked. The customer, who was a police officer, set the investigation in motion.
The trial consisted of the testimony of three witnesses. Reynolds testified for the prosecution; Woody Myers, who is Myers’ brother, and Rachel Westlake testified for the defense. Reynolds admitted that on the night of the incident he had ingested cocaine in addition to drinking beer. Woody Myers testified that he saw Reynolds in the bar with Myers and that Reynolds appeared to be intoxicated. Further, Woody Myers testified that several days after the incident Reynolds told him that he was not going to press charges because he really did not know what he had seen. Woody Myers’ girlfriend, Rachel Westlake, who had also dated Reynolds, testified that she had discussed the incident with Reynolds and that Reynolds said he was not sure of what he saw Myers doing in the bedroom. The prosecution recalled Reynolds in rebuttal to deny these conversations.
Myers first challenges the denial of his motion for judgment of acquittal. He contends that since the child was asleep throughout the entire incident, there could be no offense under section 800.04(2), Florida Statutes (1997), which provides that a person who:
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
[[Image here]]
without committing the crime of sexual battery, commits a felony of the second degree....
Myers relies on State v. Werner, 609 So.2d 585 (Fla.1992), wherein the supreme court interpreted section 800.04(3), Florida Statutes (1987), which made it unlawful to commit any lewd or lascivious act in the presence of a child. The court concluded that “presence” means “something more than being in the immediate vicinity.” 609 So.2d at 586. Rather, “the child must see or sense that a lewd or lascivious act is taking place for a violation to occur.” 609 So.2d at 587. This argument has no merit. Myers was not charged with an act “in the presence” of a child but, rather, with an act “upon” a child. The act was clearly committed “upon” a child, and the perception of the act by the child is not an element of the offense.
It is the prosecutor’s closing argument which compels us to reverse. Reynolds was the State’s case, and his credibility was put in serious question by the testimony of Woody Myers and Rachel Westlake. Their rendition of his remarks about the incident is consistent with his own admission of drug and alcohol use on that night. Faced with a shaky case, the prosecutor improperly sought to bolster Reynolds’ credibility. Interspersed in her argument were references to Reynolds as “very honest with you when he came in here today,” “honest,” “very candid,” and “a credible witness.” Objections to these representations were overruled. It can be argued that the rulings on these objections could be harmless error were it not for the final remark which brings their cumulative *1114 effect into focus. In summing up Reynolds’ testimony, the prosecutor said: “And having taken all of those things into consideration, do I think that what he said he saw was true? Was that truthful testimony? Yes.” Under a strikingly similar set of facts, the Fourth District in State v. Ramos, 579 So.2d 360, 362 (Fla. 4th DCA 1991), held:
Next, Ramos also claims prosecutorial misconduct as a result of the prosecutor’s statement to the jury: “And Susan testified, I believe she testified totally truthfully to you.” The law is well settled that expressions of personal belief by a prosecutor are improper. See Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985). In Singletary, the court went on to state:
A prosecutor’s role in our system of justice, when correctly perceived by a jury, has at least the potential for particular significance being attached by the jury to any expressions of the prosecutor’s personal beliefs. That expression in this case involved critical issues in the trial, to wit, defendant’s credibility and intent. Thus, as we have indicated, the question on this regard boils down to whether the evidence of guilt was so overwhelming as to justify a conclusion that defendant was not improperly prejudiced and that the error was harmless.
Id. at 10 (citations omitted). As we have previously noted, the record here is not such as to permit application of the harmless error rule.
Similarly, on the record before us, the error here is not harmless. Accordingly, we reverse Myers’ conviction and sentence and remand for a new trial.
Myers also claims that the court’s instruction to the jury defining the offense charged contained extraneous language which could have misled the jury. Under the facts as presented, we agree. On retrial, the words or did commit actual lewd exhibition of the genitals” should be omitted from the instruction.
Reversed and remanded.
DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.