446 So.2d 1172 (1984)
Richard PULLIAM, Appellant,
v.
STATE of Florida, Appellee.
No. 83-770.
District Court of Appeal of Florida, Second District.
March 16, 1984.
Jerry Hill, Public Defender, and Robert L. Williams, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
The defendant, Richard Pulliam, appeals the lower court's order adjudicating him guilty of the sale of a counterfeit controlled substance. We reverse and remand.
The defendant was charged by information with the sale of a counterfeit controlled substance in violation of section 817.563, Florida Statutes (1981). The facts surrounding the charge and subsequent conviction are as follows:
Arthur Johnson, a narcotics detective for the Pasco County Sheriff's Department, was working undercover at the Bulls Eye Bar in Zephyrhills, Florida. He and his partner, Debra McKendree, had been investigating several lounges in that area over a period of several months. On the evening of February 22, 1982, Officer Johnson saw the defendant walking out of the Bulls Eye Bar as Johnson and McKendree were arriving. The two men greeted each other outside the bar, and the defendant asked Officer Johnson if he "did acid." Johnson said he did. The defendant told Johnson that he would sell him some for four dollars "a hit." Officer Johnson and the defendant walked to the rear of the bar where the transaction was completed.
During his opening statement at trial, the prosecutor stated:
That substantially is the whole thing you'll hear about a series of drug investigations that went on over  over a period of five, five and a half months about this time, that Mr. Johnson and Ms. McKendree were involved in.
Defense counsel's objection to this comment was overruled. Later in the trial, the prosecutor sought to elicit testimony from Officer Johnson on the same subject matter:
Q. Did you in fact arrest Mr. Pulliam on the 22d of February?
A. No, I didn't.
Q. Why not?
A. Well, there was an ongoing investigation into the  State  (interrupted)

*1173 BY MR. EBLE: Objection, Your Honor, the same as what I mentioned before about this ongoing investigation.
BY THE COURT: All right, sir, objection overruled.
BY MR. HOWARD [Assistant State Attorney]:
Q. Why didn't you arrest him again?
A. There was an ongoing investigation into all the people that were doing narcotics in the area. I had to work approximately two months prior to making any cases, locating people that were doing drugs. When I discover who they was, I would make it my business to go out and purchase drugs from them. And by arresting anyone, I would have a disadvantage, my cover would have been disposed of and I would not have been able to work undercover any more.
Q. How many months of the investigation, continuing the investigation after February 22nd of last year?
A. I believe until the end of April, the beginning of May.
Q. Okay. Were you able to determine when Mr. Pulliam was in fact arrested for that particular charge?
A. We had a roundup  I believe it was June the 11th. I believe we arrested everyone that I made [a] case against.
Again, defense counsel's objection to the reference to the state's ongoing investigation was overruled.
On appeal, Pulliam argues, inter alia, that the comments made and elicited by the prosecutor concerning this series of ongoing drug investigations conducted by the state are irrelevant and highly prejudicial to the defendant and constitute reversible error. We agree.
The test of admissibility is relevancy and the test of inadmissibility is lack of relevancy. Johnson v. State, 130 So.2d 599 (Fla. 1961). However, even "relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence... ." § 90.403, Fla. Stat. (1983). See Sias v. State, 416 So.2d 1213 (Fla. 3d DCA), pet. for rev. den., 424 So.2d 763 (Fla. 1982). In this case, the comment made by the prosecutor in his opening statement, which demonstrated no relevance, suggested defendant's involvement in a wave of criminal activities and, as such, was prejudicial. See Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978); Kellum v. State, 104 So.2d 99 (Fla. 3d DCA 1958). While this comment, alone, might not create an inference in the minds of the jury so highly prejudicial as to require reversal, this statement, coupled with Officer Johnson's comments, reaches that level of prejudice.
Although the state suggests that the relevance of Officer Johnson's testimony was to show why the defendant was not immediately arrested, this suggestion is not well taken. First, Officer Johnson could have explained that the state was conducting other unrelated investigations and therefore did not arrest the defendant immediately. Such testimony would have been sufficient for that purpose without the testimony regarding the ongoing narcotics investigation. Second, even assuming there were some arguable relevance in this testimony, its probative value is clearly outweighed by its prejudicial effect. In Armstrong v. State, 377 So.2d 205 (Fla. 2d DCA 1979), we held that evidence of a crime by a third party was reversible error "in that the testimony is not relevant to the crime charged and is highly prejudicial by inferring criminal conduct on the part of defendant from criminal conduct of a third party," notwithstanding the fact that the state urged that the testimony was necessary to explain the reason for the employees' surveillance. See also Albright v. State, 378 So.2d 1234 (Fla. 2d DCA 1979). Similarly, in this case repeated reference to the state's ongoing investigation is highly prejudicial to the defendant's case. We therefore hold that evidence of the state's ongoing narcotics investigation, specifically that portion indicating that the investigation was directed towards people "doing narcotics" in the area, which may well have left *1174 the jury with the highly prejudicial implication that the defendant was in some way involved in the collateral investigation, was reversible error.
Accordingly, we reverse the judgment and remand the cause for a new trial.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.