579 So.2d 360 (1991)
STATE of Florida, Appellant/Cross Appellee,
v.
Nestor R. RAMOS, Appellee/Cross Appellant.
Nos. 89-1468, 89-1581.
District Court of Appeal of Florida, Fourth District.
May 15, 1991.
*361 Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant/cross appellee.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellee/cross appellant.
DELL, Judge.
The state appeals from a judgment and downward departure sentence entered without written reasons. Appellee, Nestor Ramos (Ramos), cross-appeals his convictions for trafficking in cocaine and conspiracy to traffic in cocaine and raises four points. We reverse and remand for a new trial.
As the result of an undercover drug transaction, police arrested Ramos along with Susan Shaler and several others at the home of an individual named Jim Flounders. At trial, Susan Shaler testified as a state's witness. In exchange for a guilty plea and her testimony, she received a sentence of time served in county jail.
According to Ms. Shaler's testimony, she met Ramos in a bar five or six months prior to the arrest. She became hooked on cocaine and sold it for Ramos and an individual named Valenzuela. On May 29, 1987, she received a telephone call from a woman named Carla, who wanted to purchase two ounces of cocaine. Ms. Shaler, in search of a supplier, called Ramos's pager number. Ramos agreed to supply the cocaine and brought it to Ms. Shaler and Carla at Ms. Shaler's apartment. Carla and Ms. Shaler took the cocaine to Jim Flounders's house. For some unexplained reason, once they were inside Flounders's house, Carla handed the cocaine back to Ms. Shaler to sell to undercover Officer Saxton. Ms. Shaler claimed that she handed part of the money to Ramos to count because she became nervous. Officer Saxton, however, had earlier testified that he never saw Ms. Shaler hand any money to Ramos. The police arrested and charged everyone in the house, with the exception of Carla, with trafficking in cocaine and conspiracy to traffic in cocaine.
We need not address the state's point on appeal, regarding appellee's sentence, since we find that two points on cross-appeal require reversal and remand for a new trial. Ramos contends that the trial court erred when it admitted into evidence allegations of prior criminal conduct and that the prosecutor's improper and highly prejudicial closing remarks denied him a fair trial. We agree and limit our discussion to these points.
Ramos moved, in limine, to exclude any reference to his alleged prior illegal conduct. After the trial court denied his motion, the prosecutor, in opening statement, stated that Ramos had met the witness Shaler in a bar months before the instant offense and that he had given her cocaine and thereafter caused her to start selling cocaine in order to support her habit. The prosecutor also related that Ramos and a codefendant "were partners, their business was selling cocaine." Ramos made timely objections to these comments and again objected when the witness Shaler testified essentially to the same events. The state charged Ramos with a single conspiracy on a single occasion. Section 90.404(2)(a) provides:
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
The record does not support the state's argument that Ms. Shaler's testimony concerning Ramos's past conduct constituted relevant evidence. The testimony did not relate to the crime for which the state charged Ramos. In Keen v. State, 504 So.2d 396 *362 (Fla. 1987), the supreme court stated:
When such irrelevant evidence is admitted it is "presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged."
Id. at 401 (quoting Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981)). We also must reject the state's argument that it presented overwhelming evidence of Ramos's guilt and therefore any error caused by the prosecutor's opening statement and Ms. Shaler's testimony should be construed as harmless. We cannot say beyond a reasonable doubt that the error did not effect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Ramos also contends the prosecutor made highly prejudicial comments that denied him a fair trial. During closing argument, the prosecutor told the jury of the state's ongoing narcotics investigation efforts and stated that Ramos was the "very type of person that he was looking for." The prosecutor added, "Society's best interest is served by convicting the kingpin over the supplier in this case... ." The Second District Court of Appeal in Pulliam v. State, 446 So.2d 1172 (Fla. 2d DCA 1984) held:
Similarly, in this case repeated reference to the state's ongoing investigation is highly prejudicial to the defendant's case. We therefore hold that evidence of the state's ongoing narcotics investigation, specifically that portion indicating that the investigation was directed towards people "doing narcotics" in the area, which may well have left the jury with a highly prejudicial implication that the defendant was in some way involved in the collateral investigation, was reversible error.
Id. at 1173-74. Here, the record compels the conclusion that the prosecutor intended to create the impression in the mind of the jury that Ramos was caught up in an ongoing narcotics investigation and was a kingpin supplier of narcotics.
Next, Ramos also claims prosecutorial misconduct as a result of the prosecutor's statement to the jury: "And Susan testified, I believe she testified totally truthfully to you." The law is well settled that expressions of personal belief by a prosecutor are improper. See Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985). In Singletary, the court went on to state:
A prosecutor's role in our system of justice, when correctly perceived by a jury, has at least the potential for particular significance being attached by the jury to any expressions of the prosecutor's personal beliefs. That expression in this case involved critical issues in the trial, to wit, defendant's credibility and intent. Thus, as we have indicated, the question on this regard boils down to whether the evidence of guilt was so overwhelming as to justify a conclusion that defendant was not improperly prejudiced and that the error was harmless.
Id. at 10 (citations omitted). As we have previously noted, the record here is not such as to permit application of the harmless error rule.
Accordingly, we reverse appellant's conviction and sentence and remand this case for a new trial.
REVERSED and REMANDED.
WARNER, J., and WALDEN, JAMES H., Senior Judge, concur.