ON MOTION FOR REHEARING
STONE, Judge.
The appellee’s motion for rehearing is denied. However, the first two sentences of the second paragraph of this court’s decision are amended and the corrected opinion is republished as follows:
We reverse appellant’s convictions for murder and robbery and remand for a new trial. It was error to admit evidence that the murder weapon, a gun, was given to appellant by a former girlfriend weeks earlier for the purpose of killing her husband. That alleged incident and conspiracy was totally unrelated to the crime charged here.
The state asserts that the offending evidence was relevant tó show how the weapon was acquired, as part of connecting the gun to the appellant. Also, the prosecutor argued at trial that the evidence was necessary to lay a possible foundation for the girlfriend’s anticipated testimony[1] that the conspiracy recounted by appellant to the police never occurred and that he lied to the police concerning how he acquired the gun.[2] However, the appellant had already admitted his connection to the murder weapon in several statements to the police. Given appellant’s admissions, the evidence concerning the details of the acquisition of the gun, involving his agreement to murder his girlfriend’s husband, a policeman, added nothing to the state’s ease other than to unnecessarily prejudice the appellant.
The state also capitalized on this evidence in final argument. The prosecutor stated:
The reason Mr. Conley has the gun is either some sort of murder plot to kill a police officer or to be used in his business, which is drugs or maybe for some more relevant reason that forces him to make up these stories about the other reasons he has the gun.
⅜ ⅝ * * * ⅜
He gives a story about how he got a gun from Peggy Sides.... did he get it the way he said he did, or did he get it another way and just make this story up?
Neither one is in his favor because on the one hand his former lover, who must know him very well, thinks him capable of and willing to kill a police officer, and according to him, it goes so far that she takes him on his rounds to show where he can do it, or, on the other hand, he got it some other way and he has just made up this story and implicated an innocent woman in a murder plot. Neither way is in Mr. Conley’s favor.
The danger that the jury will consider such evidence as proof of bad character and evidence of the propensity to commit crimes, and particularly this type of crime, is apparent. See, e.g., Jackson v. State, 451 So.2d 458 (Fla.1984), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988); State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991); Delgado v. State, 573 So.2d 83 (Fla. 2d DCA 1990). We note that the state has never asserted that this evidence is otherwise admissible under the Williams rule.
The state contends that any error is harmless because of substantial evidence tying the appellant to the crime scene and *238 to the events before and after the killing. See Bryan v. State, 533 So.2d 744 (Fla.1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989). The state also argues that the fact that the appellant did not go through with the other killing is actually favorable to the defense. The appellant claimed that he kept the gun to keep her from utilizing it.
We recognize that since there was an extensive amount of other evidence construable as indicating bad character in this case, the appellant’s involvement in the scheme to murder his girlfriend’s husband may have had little impact on the jury. Conley admitted going to the victim’s room immediately after the murder, covering the victim’s body with a bedspread, clearing the room of fingerprints, searching the room and stealing the victim’s wallet, traveler’s checks, credit cards and suitcase. He admitted throwing the murder weapon in the ocean and fleeing to another state with Brian Bush, who appellant claims was the murderer. Appellant also admits being in town for the purpose of engaging in drug trafficking. There was other evidence of the life-style of the individuals involved, which many would consider somewhat sordid, that also said little for the appellant’s character.
Nevertheless, we do not consider the error harmless as the defense rested on appellant’s credibility. The evidence against him was entirely circumstantial. The appellant claims that Brian Bush killed the victim and that his own involvement was after the fact. Bush testified and denied all complicity in the killing or involvement with the victim. Therefore, we cannot say that the evidence in question did not tip the scales in the minds of the jurors, particularly as it involved a recent involvement in a plot to commit a murder. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We decline to comment on the question of whether the jury instructions were proper, as the evidence on retrial will affect the instructions to be given. As to all other issues, we find no reversible error or abuse of discretion.
On retrial, those portions of appellant’s statements concerning the possible plot to murder appellant’s former girlfriend’s husband, which are not necessary to tie the defendant to the weapon, are to be redacted.
GLICKSTEIN, C.J., and FARMER, J., concur.

. She was never called as a witness.

. There were other contradictions between appellant’s earlier statements and his testimony.