763 So.2d 1256 (2000)
Marlin Juanito OUSLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-3099.
District Court of Appeal of Florida, Third District.
June 21, 2000.
Rehearing Denied August 16, 2000.
Bennett H. Brummer, Public Defender and Louis K. Nicholas, II, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Margaret A. Brenan, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
We feel compelled to reverse the appellant's convictions of first degree murder and kidnaping because of the erroneous introduction of prejudicial evidence.
Although on direct examinationin which he denied involvement in the crimesOusley preemptively admitted the existence and number of his prior convictions; see Lawhorne v. State, 500 So.2d 519 (Fla.1986), the prosecution was permitted to reveal damaging details of those prior offenses, see Holmes v. State, 757 So.2d 620 (Fla. 3d DCA 2000); McFadden v. State, 732 So.2d 412 (Fla. 3d DCA 1999), review granted, 741 So.2d 1137 (Fla.1999), on the theory that they "impeached" his prior testimony. Because, however, as in Robertson v. State, ___ So.2d ___, 2000 WL 368468 (Fla. 3d DCA Case no. 3D98-2383, opinion filed, April 12, 2000)[25 FLW D900], the "impeachment" was only of testimony *1257 first elicited by the prosecutor on cross examination, it was entirely unjustified. Specifically, the defendant's testimony on direct that he did not own a weapon at the time of trial or on the day of the crime did not, as the state contends, open the door to cross examination in which he was led to say that he had never done so, thusas we find, improperlyresulting in the "contradiction" of this testimony by the showing that two of the prior convictions involved weapon possession. Robertson, ___ So.2d at ___ [25 FLW at D900].
The prosecution's alternative contention is that the error was harmless. We must disagree. Harmlessness is not established, as the state seems to argue, when there is otherwise sufficient, even persuasive, evidence in the record to support the convictions. Nor, as it seems to suggest, is the pertinent test satisfied by our being pretty sure either that the defendant actually was guilty, or that the jury was not influenced by the error we have identified. Instead, as Goodwin v. State, 751 So.2d 537 (Fla.1999) and State v. DiGuilio, 491 So.2d 1129 (Fla.1986) make clear, we must be satisfied beyond a reasonable doubt that it did not contribute to the verdict. Particularly because of the critical potential effect of the erroneous evidence on the defendant's credibility and in light of the fact that an important and fairly disputed issue in the case concerned the very question implicated by the errorwhether the perpetrator alleged to be Ousley carried a gun during the incident we cannot in conscience find that this is so. Robertson, ___ So.2d at ___ [25 FLW at D900]; McFadden, 732 So.2d at 412; see also Garvey v. State, 754 So.2d 130 (Fla. 3d DCA 2000), and cases cited. A new trial is therefore required.
Reversed and remanded.