842 So.2d 894 (2003)
Phillip WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4773.
District Court of Appeal of Florida, Second District.
February 12, 2003.
James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Phillip Walker appeals his convictions for felony murder and attempted robbery with a firearm. We reverse. We conclude that Mr. Walker is entitled to a new trial because a tape recording introduced into evidence during his trial was not sufficiently edited to comply with a prior court order granting Mr. Walker's motion in limine. Because we conclude Mr. Walker is entitled to a new trial on this basis, we do not address the more difficult issue of whether reversible error occurred when the trial court failed to swear the prospective jurors for Mr. Walker's case with the oath required by Florida Rule of Criminal Procedure 3.300(a).
On March 18, 2001, an employee of a methadone distribution treatment center was shot and killed during the course of an attempted armed robbery. Mr. Walker became a suspect in the killing and was interrogated at length by the police. This interrogation was taped. Although Mr. Walker repeatedly denied involvement in the killing during the interrogation, he made inconsistent statements regarding his whereabouts on the morning of the offense. At trial, Mr. Walker presented an alibi defense. In an attempt to refute this defense and to attack the credibility of Mr. Walker, the State introduced a tape of Mr. Walker's interrogation into evidence.
Prior to trial, defense counsel had filed a motion in limine seeking to exclude from evidence the portions of this interrogation *895 that referred to "hearsay information from third parties." The trial court had entered an order granting this motion. At trial, although the State indicated that the tape had been edited accordingly, the portion played for the jury had numerous references to hearsay information that the officers indicated they received from unspecified third parties. On numerous occasions during the interrogation, the officers referred to "people" who claimed Mr. Walker knew who committed the crime, who thought Mr. Walker looked like a composite drawing of the suspect, who said Mr. Walker was acting suspiciously, and who claimed Mr. Walker told them his brother was involved in the incident.[1] The officers repeatedly intimated that they had information from numerous sources implicating Mr. Walker and that Mr. Walker's version of events differed from all of those sources. At trial, however, there were only two witnesses who identified Mr. Walker. A third witness described a very different-looking person loitering outside of the clinic the morning of the crime, a person the witness could not identify. There was no physical evidence linking Mr. Walker to the crime. Thus the portion of the interrogation presented to the jury left the distinct impression that there was more evidence against Mr. Walker, and certainly more talk in the neighborhood incriminating him than was placed into evidence.
There is no indication that the State acted in bad faith in editing the taped interrogation. Moreover, at the time the tape was played for the jury, it was not clear whether witnesses at trial would substantiate many of the officers' allegations during the interrogation. At the conclusion of the trial, however, the prejudice caused by the tape was evident. Mr. Walker filed a motion for new trial, raising again the issue of his pretrial motion in limine. The trial court denied the motion for new trial. We conclude that the trial court was required to grant Mr. Walker's motion for new trial under these circumstances. See Chatmon v. State, 738 So.2d 970, 971 (Fla. 2d DCA 1999).
Reversed and remanded.
ALTENBERND, C.J., and SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Because police officers are not required to be truthful while interrogating suspects and because there was no other evidence presented at trial to support many of these assertions, it is not clear whether the officers' allegations during this interrogation were true.