962 So.2d 369 (2007)
Pamela SHRADER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-811.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
*370 Maury Halperin, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Pamela Shrader ("appellant") was charged by grand jury indictment with first degree felony murder in the death of Joseph Kelly. The State alleged that appellant convinced her boyfriend, Noe Peña, to rob Kelly of a large amount of cash Kelly kept in his apartment. Peña killed Kelly in the process. Appellant seeks review of her conviction and sentence after being found guilty as charged following a jury trial. We affirm as to all issues raised. We write to address appellant's claim that the trial court erred in denying her motion in limine seeking to redact portions of her taped grand jury testimony before it was played for the jury.
*371 "[T]he question of whether to admit or reject the whole or any portion of a challenged recording is properly within the discretion of the trial court." Pausch v. State, 596 So.2d 1216, 1219 (Fla. 2d DCA 1992). A trial court's decision on the admissibility of evidence will not be reversed unless a clear abuse of that discretion is shown. Jones v. State, 908 So.2d 615, 620-21 (Fla. 4th DCA 2005).
Appellant's motion in limine sought to redact portions of the testimony that appellant claimed contained statements of the prosecutor's opinion as to appellant's veracity and guilt. "The law is well settled that expressions of personal belief by a prosecutor are improper." State v. Ramos, 579 So.2d 360, 362 (Fla. 4th DCA 1991). Specifically, appellant took issue with three questions by the prosecutor from the grand jury proceedings. They are: (1) "What did you discuss on the way over there to do the robbery?"; (2) "Did you feel that by telling [the victim] you'd be right back so he would leave the door unlocked, it [would] help Noe get [in]to Joe's apartment so he could rob him?"; and (3) "When, in relationship to your being kicked out of the trailer, was it that you went and robbed Mr. Kelly?"
A reading of the prosecutor's first two questions in context reveals that they were not expressions of his personal belief about appellant's guilt. Just prior to the prosecutor asking the first question above, appellant provided some factual background regarding the night Kelly was killed. She explained that Peña knew where the victim lived from having previously traveled with appellant to the victim's apartment when appellant borrowed money from the victim. Appellant stated she knew Peña was going to rob the victim and that it was wrong because the victim was a very good man who had always been good to her. The first two questions asked by the prosecutor simply used facts appellant had already provided in her testimony. The trial court did not err in refusing to redact these portions of appellant's grand jury testimony.
The context that justified the first two questions was not present as to the third, and we hold the trial court erred in failing to redact it. See Pausch, 596 So.2d at 1219 (holding it was improper that jury heard detective's statements to defendant in recorded interview that she had abused her son and was going to kill him). However, we hold the error was harmless. The focus of the harmless error test is on the effect on the trier of fact. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). In Pausch, the court found the admission of the detective's statements harmful because "the jury . . . could not have reasonably been expected to isolate and extract from the recording that which was admissible as evidence of the crime while disregarding the aspersions of guilt created by [the detective's] words." 596 So.2d at 1219; see also Sparkman v. State, 902 So.2d 253, 259 (finding detective's out-of-court statements that he believed defendant had killed a child were too prejudicial to be harmless error).
Contrary to appellant's suggestions, the present case does not present the same situation as Pausch. Although the individual statement was erroneously admitted, the full context of the prosecutor's questions and appellant's answers allowed the jury to disregard any aspersion of guilt in the prosecutor's question and focus on the facts being elicited. Nor was the prosecutor's statement here as blatantly prejudicial as the detective's statement upon which we reversed in Sparkman.
Appellant also argues that the trial court erred in failing to redact portions of her grand jury testimony that referred to *372 hearsay information from third parties. Specifically, appellant points to two questions appellant was asked about a neighbor who saw her coming or going from the back door of the victim's apartment the day after the incident, and who also claimed to have seen the victim pushing appellant out of his apartment on another night.
Appellant's argument on this point is based on Walker v. State, 842 So.2d 894 (Fla. 2d DCA 2003), which the trial court found distinguishable. In Walker, the trial court granted the defendant's motion to exclude portions of his police interrogation that referred to hearsay from third parties. Id. at 895. Despite this, the tape as played to the jury contained "numerous references to hearsay information that the officers indicated they received from unspecified third parties." Id. The portion of the interrogation played for the jury left the impression there was more evidence against Walker that was not presented. Id.
The trial court did not err in finding Walker factually distinguishable and failing to redact the specified portions of appellant's grand jury testimony. The State did not introduce evidence that some unknown people saw appellant or accused her. The witness the prosecutor referred to was a neighbor, John Renderas. Renderas actually testified at trial about seeing a woman outside the victim's apartment at the relevant times. There was no suggestion of evidence that was not presented to the jury.
Affirmed.
GROSS and MAY, JJ., concur.