RAMIREZ, J.
 

 Jose Perez appeals his conviction, after a trial, of possession of cocaine. Because the trial court erred in allowing prejudicial testimony and prosecutorial comments, we reverse.
 

 Perez was stopped by the Florida Highway Patrol (FHP) while driving in Miami. The officer stopped Perez because his truck had a broken tail light, and there were problems with the truck’s registration. The officer sought and received consent to search the truck. He and his canine searched the vehicle for drugs. The canine eventually discovered, hidden within the truck, a box containing cocaine. Perez was arrested and charged by information with trafficking in cocaine.
 

 The officer who stopped Perez was part of the contraband interdiction unit. He was patrolling the area as part of an ongoing narcotics investigation with a Drug Enforcement Administration (DEA) officer. The investigation included, pursuant to a tip received, surveillance of Perez.
 

 The defense’s theory of the case was that Perez was arrested for a crime he did not intend to commit because he did not know the box the dog found contained cocaine. Perez’s defense emphasized that he answered questions and cooperated with the officers at the traffic stop, and that he waived his right to remain silent and consented to search. At trial, the defense did not contend Perez was wrongly targeted or entrapped. Rather, the defense’s theory of the case was that Perez did not know what was in the box that was under his seat.
 

 Before trial, the defense moved, in li-mine, to exclude reference at trial to the ongoing investigation because none of the witnesses with knowledge of the investigation were made available for trial. Further, the defense contended any testimony regarding the investigation would be hearsay, and that the evidence was more prejudicial than probative.
 

 Initially, the trial court indicated that “the only thing ... allowed ... is that [the officer] was there pursuant to an investigation.” Then, the trial court went on to state that the officer could testify that “the reason why he was following the car in the first place” was that he was there “pursuant to a narcotics investigation.”
 

 In accord with the trial court’s ruling, the jury heard testimony from the officer that he was patrolling the area pursuant to an ongoing investigation. Defense counsel renewed the objection to the evidence, and also objected to any reference to the passenger’s affiliation with the DEA. The trial court, however, allowed the FHP officer to testify regarding the ongoing investigation. The trial court also permitted testimony regarding the presence of the DEA officer, but without reference to his affiliation with the DEA.
 

 
 *142
 
 Additionally, in his closing, the prosecutor stated that the FHP officer “was following the defendant pursuant to a narcotics investigation.” Thus, the jury was reminded that the officer was following Perez pursuant to a narcotics investigation, not that the officer was in the area pursuant to an ongoing investigation. The defense renewed its objection, but the trial court again overruled the objection and permitted the prosecutor to continue his closing statement.
 

 The jury convicted Perez of the lesser offense of possession of cocaine. Perez appeals his conviction, and contends the trial court deprived him of a fair trial by permitting the evidence regarding the ongoing investigation, and allowing the prosecutor to comment regarding the ongoing narcotics investigation.
 

 Evidence that is immaterial to the offense with which the defendant is charged is not admissible against a defendant, and cannot be the basis for conviction.
 
 See State v. Baird,
 
 572 So.2d 904, 907 (Fla.1990);
 
 State v. Ramos,
 
 579 So.2d 360, 361 (Fla. 4th DCA 1991). “As a general rule, the investigation leading to the defendant’s arrest is not at issue in a criminal trial,” and thus evidence regarding the investigation is usually irrelevant.
 
 See Wilding v. State,
 
 674 So.2d 114, 119 (Fla.1996) (concluding evidence that the defendant was investigated because of an anonymous tip advising the police to investigate him was irrelevant and prejudiced his light to a fair trial). Even relevant evidence that is prejudicial and of limited probative value should not be presented to the jury because “the need for the evidence is slight and the likelihood of misuse is great.”
 
 See Baird,
 
 572 So.2d at 908. The erroneous admission of irrelevant prejudicial evidence requires correction through a new trial unless the appellate court is “satisfied beyond a reasonable doubt it did not contribute to the verdict.”
 
 Ousley v. State,
 
 763 So.2d 1256, 1257 (Fla. 3d DCA 2000);
 
 see also Knowles v. State, 848
 
 So.2d 1055, 1059 (Fla.2003) (explaining that “the question is whether there is a reasonable possibility that the error affected the verdict.”) (quoting
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986)).
 

 Inadmissible evidence or comments are not proper elements of the prosecution’s case because they distract the jury from the central issue of whether the defendant committed the offense charged beyond a reasonable doubt.
 
 See, e.g., Denmark v. State,
 
 927 So.2d 1079, 1082 (Fla. 2d DCA 2006) (concluding revei'sible error occurred when “the prosecutor was able to elicit testimony that could serve only to unduly prejudice, mislead, or distract the jury.”). Consequently, repeated references to an ongoing investigation are highly prejudicial to the defendant’s case because they divert the jury’s focus from the offense charged to collateral acts.
 
 See Pulliam v. State,
 
 446 So.2d 1172, 1173 (Fla. 2d DCA 1984);
 
 see also Wilding,
 
 674 So.2d at 119 (concluding that the witness’s reference to the defendant being featured on
 
 America’s Most Wanted
 
 was irrelevant and highly prejudicial, and the error required a new trial). Evidence that suggests guilt by association is highly prejudicial.
 
 See E.M. v. State,
 
 61 So.3d 1255, 1256-57 (Fla. 3d DCA 2011) (finding testimony by the arresting officer that the arrest occurred in a “hot area” known and patrolled for suspected narcotics transactions sufficient to warrant a new trial).
 

 In this case, we cannot conclude beyond a reasonable doubt that the testimony and prosecutorial comments regarding the ongoing narcotics investigation did not influence the jury to convict Perez. The jury convicted Perez of the lesser offense of cocaine possession, and thus, it may have had doubts regarding Perez’s
 
 *143
 
 guilt. In the mind of a reasonable juror, those doubts may have been affected, to Perez’s detriment, by his capture as part of an ongoing narcotics investigation.
 

 The trial court should have granted the defense’s motion in limine without qualification. Here, the officer testified he stopped Perez because Perez had a broken tail light and improper license plates on his vehicle. He also stated that Perez consented to the search of his truck. The search led to discovery of the contraband. Consequently, there was no need for the jury to know that Perez was the target of an ongoing narcotics investigation. The evidence regarding the narcotics investigation prejudiced the jury, and was irrelevant and unnecessary. As a result, because the trial court erred in allowing this evidence, we reverse and remand for a new trial.
 

 Reversed and remanded.