LOGUE, J.
May Francois appeals his convictions of armed robbery and conspiracy to commit armed robbery. He contends that the trial court erred in admitting testimony that he possessed four rifles in his residence when it was undisputed that those rifles were not used in the robbery. We agree because the State failed to establish (1) how Francois’s mere possession of four rifles, concededly unrelated to the robbery, was relevant to any issue at trial, and (2) that the erroneously admitted evidence was harmless beyond a reasonable doubt.
At trial, the State informed the trial court of its intention to introduce testimony that officers discovered four rifles in Francois’s residence, one of which was found “sticking out from the mattress” and another “sticking out from underneath the bed.” It is undisputed that the rifles were not used in the robbery. Both the victim and the other witness to the robbery described the weapon used in the robbery as a pistol, specifically a black revolver. The revolver used in the robbery was never found. The State, however, argued that evidence of the four rifles, two of which were partially hidden, was relevant to prove that Francois might once have possessed the revolver used in the robbery and subsequently concealed it, thereby causing the police to be unable to find it. The trial court immediately recognized that this argument was tenuous, at best, and labeled it “far-fetched.” The trial court nevertheless admitted the evidence, apparently believing that the evidence comprised part of the police investigation and that Francois would not be prejudiced by the testimony.
It is true, of course, that under section 90.403, Florida Statutes (2008), a trial court must balance whether the probative value of relevant evidence “is substantially outweighed by the danger of unfair prejudice .... ” Before undertaking that analysis, however, the court must first determine that the evidence is actually relevant — that it constitutes “evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2008). Contrary to the State’s suggestion, Francois’s possession of four rifles in his residence *1208 unrelated to the robbery, without more, did not tend to prove that he possessed and hid the never-found pistol used in the robbery. See Agatheas v. State, 77 So.3d 1232, 1237 (Fla.2011) (holding evidence that the defendant “carried a gun that could not possibly be the murder weapon in his backpack five years after the crime” was irrelevant); but cf. Johnson v. State, 93 So.3d 1066, 1069 (Fla. 4th DCA 2012) (holding evidence of a handgun that was not used in the charged offenses was relevant because it directly corroborated a material fact in a witness’s testimony — i.e., that the defendant sold the handgun used in the crime and obtained another).[1]
The State argues in the alternative that any error in admitting the evidence of the four firearms was harmless. For good reason, the State must meet a high standard to establish that the improper admission of evidence, over objection, was harmless. As this court has repeatedly recognized:
Harmlessness is not established, as the state seems to argue, when there is otherwise sufficient, even persuasive, evidence in the record to support the convictions. Nor, as it seems to suggest, is the pertinent test satisfied by our being pretty sure either that the defendant actually was guilty, or that the jury was not influenced by the error we have identified. Instead, ... we must be satisfied beyond a reasonable doubt that it did not contribute to the verdict.
Cooper v. State, 778 So.2d 542, 545 (Fla. 3d DCA 2001) (quoting Ousley v. State, 763 So.2d 1256, 1257 (Fla. 3d DCA 2000)).
The State attempts to meet that burden by relying on Knight v. State, 15 So.3d 936 (Fla. 3d DCA 2009). The State’s argument hinges on the following language in the opinion: “[m]ere proof of legal ownership of the other weapons was, as defense counsel elicited from the venire, not to be considered prejudicial.” Id. at 939 (emphasis added).
Knight is distinguishable. In Knight, the overwhelming evidence indicated that the defendant owned an AK-47 rifle which he fired on the night in question, killing one person and wounding another. Id. at 937. He had a large collection of legal guns in his home that were not hidden, but the murder weapon was found in his home hidden in a crawl space. Id. The State in Knight argued that the contrast between the open possession of a collection of weapons and the concealment of the murder weapon tended to demonstrate consciousness of guilt. On appeal, this court agreed that admission of the existence of the open collection of guns, in light of the manner in which the murder weapon was so carefully hidden, was not an abuse of discretion and, in any event, constituted harmless error. Id. at 938. This conclusion was particularly inescapable because the defense itself had raised the existence of the defendant’s legal gun collection in its voir dire and opening statement. Id.
Absent from the instant case are the elements that were crucial to the holdings in Knight: the pistol used in the robbery was never found in Francois’s residence, or even found at all; there was no contrast between how some weapons in the residence were unconcealed but the weapon used in the crime was carefully concealed *1209 (and thus no inference of consciousness of guilt to be drawn by the concealment); and the defense did not raise the existence of the rifles on its own. Moreover, in Knight, the undisputed evidence was that the defendant’s ownership of the gun collection was legal. In contrast, in the instant case, there was no evidence that the four rifles at issue were legally owned by Francois and therefore that their possession was innocent. In fact, the State consciously or unconsciously may have been encouraging jurors to connect the dots and realize that Francois, a convicted felon, was in possession of firearms, which was itself illegal.[2] Cf. Herman v. State, 396 So.2d 222, 229 (Fla. 4th DCA 1981) (holding that any error in admitting a shotgun into evidence that was not proven to be the shotgun used in the shooting was harmless because it is not illegal to own a shotgun and there were “no adverse connotations ... which would give rise to prejudicial inferences on the part of the jury”) (emphasis added).
Under the facts in this case, therefore, a real possibility existed that the admission of the existence of the four rifles, two of which were partially concealed, would cause the jurors to conclude that Francois exhibited a propensity to commit crimes. See Agatheas, 77 So.3d at 1239. “However, it is axiomatic that evidence of collateral crimes, wrongs, or acts committed by the defendant is not admissible where its sole relevance is to prove the bad character or propensity of the accused.” Id. In fact, the Florida Supreme Court has repeatedly held “the erroneous admission of irrelevant collateral crimes evidence is presumed harmful error ....” Id. at 1240 (internal quotation omitted). Given these circumstances, and our review of the entire record, we cannot conclude that the erroneously admitted evidence was harmless beyond a reasonable doubt.
Reversed and remanded for a new trial.

. A trial court’s ruling on the relevance of evidence will not be reversed absent an abuse of discretion. Johnston v. State, 863 So.2d 271, 278 (Fla.2003). However, "[s]uch discretion is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence.' " Patrick v. State, 104 So.3d 1046, 1056 (Fla.2012) (quoting McDuffie v. State, 970 So.2d 312, 326 (Fla.2007)).

. In an amended information, the State had charged Francois with possession of a firearm by a convicted felon. This charge was severed from the other charges — armed robbery and conspiracy to commit armed robbery— prior to trial. This may explain why there was no discussion at trial concerning whether Francois — who testified at trial and admitted on cross-examination that he was a convicted felon — legally possessed the four firearms. It further serves to highlight the potential prejudice that can result from the erroneous admission of evidence of firearms.